WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

John James Parsons,

                    Plaintiff,

vs.

State of Arizona, et al.,

                    Defendants.

No.  CV 13-0718-PHX-RCB (JFM)


**ORDER**

        Plaintiff John James Parsons, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  Plaintiff has also filed a request ("Motion") for the Court to refer to him as "John: of the Parsons family" and to order the jail where he is incarcerated to provide legal materials.  (Doc. 5.)  The Court will deny Plaintiff's Motion and dismiss the Complaint with leave to amend.[1]

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

        Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's

---

[1] On May 20, 2013, Plaintiff filed a letter with the Court attaching a 49-page "Notice of Understanding and Intent, Claim of Right and Independence."  (Doc. 6.) Because Plaintiff does not appear to request any relief in his letter, the Court will not address it.

1    income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).
2    The Court will enter a separate Order requiring the appropriate government agency to
3    collect and forward the fees according to the statutory formula.

4    **II.    Statutory Screening of Prisoner Complaints**

5            The Court is required to screen complaints brought by prisoners seeking relief
6    against a governmental entity or an officer or an employee of a governmental entity.  28
7    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
8    has raised claims that are legally frivolous or malicious, that fail to state a claim upon
9    which relief may be granted, or that seek monetary relief from a defendant who is
10   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11           A pleading must contain a "short and plain statement of the claim *showing* that the
12   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
13   does not demand detailed factual allegations, "it demands more than an unadorned, the-
14   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
15   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
16   conclusory statements, do not suffice."  *Id.*

17           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
18   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
19   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
20   content that allows the court to draw the reasonable inference that the defendant is liable
21   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
22   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
23   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
24   specific factual allegations may be consistent with a constitutional claim, a court must
25   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
26   at 681.

27           But as the United States Court of Appeals for the Ninth Circuit has instructed,
28   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff alleges one count in his Complaint—that his "rights as a sovereign freeman" have been violated.  (Doc. 1 at 3.)  Plaintiff asserts this claim pursuant to the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendments.  Plaintiff names as Defendants the State of Arizona and Governor Jan Brewer, the Maricopa County Sheriff's Office ("MCSO") and Sheriff Joe Arpaio, the Arizona Department of Public Safety and its "Peace Officers," and the City of Mesa Police Department and its "Peace Officers."  (*Id*. at 2.)  Plaintiff does not allege any facts connecting any particular Defendant(s) to an alleged violation of his rights.  Plaintiff merely claims he was "arrested and held without bond.  [I] [h]ave had my personal property search[ed] and seized and forf[e]ited.  I am being tried as a legal ficti[t]ious person, not as the flesh and blood sovereign human being."  (*Id*. at 3.)  Plaintiff seeks an "acquit[t]al of all charges," the return of his property, and $500,000 in damages.  (*Id*. at 4.)

/ / /

**IV.     Failure to State a Claim**

Plaintiff filed his Complaint on the court-approved form for prisoner civil rights complaints, and he asserted that this Court has jurisdiction pursuant to the United States Constitution and the Bill of Rights.   Because Plaintiff seeks relief against persons allegedly acting under color of state law, the Court construes the Complaint as brought under 42 U.S.C. § 1983.  See *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"); *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) (Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     State of Arizona and State Agencies**

Plaintiff names the State of Arizona and the Arizona Department of Public Safety as Defendants.   Ordinarily, under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst Sate Sch. & Hosp.,* 465 U.S. 89, 100 (1984); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  Further, neither the State of Arizona nor any State agency is a "person" within the meaning of § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a

State or State agency).   For both reasons, the State of Arizona and the Arizona Department of Public Safety will be dismissed as Defendants in this case.

### B.   Governor Brewer

Plaintiff also sues Arizona Governor Brewer.   Eleventh Amendment immunity bars suit for damages against Brewer in her official capacity for violations of federal law, but does not bar suit for declaratory or injunctive relief against her.   *See Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).   However, an "individual state official sued 'must have some connection with the enforcement of the act.'"   *Id.* (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).   Further, "that connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over persons responsible for enforcing the challenged provision will not subject an official to suit.'"   *Id.* (quoting *L.A. County Bar Ass'n v. Eu*, 979 F.3d 697, 704 (9th Cir. 1992)).

Plaintiff fails to allege any facts connecting Brewer with the enforcement of any act.   Therefore, Plaintiff fails to state a claim against her and she will be dismissed.

### C.   City of Mesa Police Department

Plaintiff sues the City of Mesa Police Department.   A municipal police department is not a "person" within the meaning of § 1983.   *See, e.g.*, *Petaway v. City of New Haven Police Dep't*, 541 F. Supp.2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Twp.*, 227 F. Supp.2d 361 (E.D. Pa. 2002).   However, a municipality is a "person" for purposes of § 1983, i.e., a municipality such as a city or county, may be sued.   *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).   To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality.   *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989)).   Thus, a municipality may not be sued solely because an injury was inflicted by one of its

1   employees or agents.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.

2   2006).  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a

3   matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a

4   policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such

5   policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080

6   (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P.

7   12(b)(6)).

8        The City of Mesa Police Department is not a proper Defendant and it will be

9   dismissed.  To the extent Plaintiff is suing the City of Mesa, he fails to allege facts to

10  support that the City of Mesa maintained a policy or custom that resulted in the violation

11  of Plaintiff's federal constitutional rights or to explain how his injuries were caused by

12  any municipal policy or custom.  Accordingly, Plaintiff fails to state a claim against the

13  City of Mesa.

14       **D.    MCSO**

15       Plaintiff sues the MCSO; however, it is not a proper defendant under § 1983.

16  Claims under § 1983 are directed at "bodies politic and corporate."  *Monell*, 436 U.S. at

17  688-89.  Under the Civil Rights Act of 1871, Congress intended municipalities and other

18  local government units to be included among those persons to whom § 1983 applies.  *Id.*

19  at 689-690.  In Arizona, the responsibility for operating jails and caring for prisoners is

20  placed by law upon the sheriff and the County.  *See* A.R.S. §§ 11-251(8), 11-291(A), 11-

21  441(A)(5), 31-101.  MCSO is simply an administrative creation of the sheriff to allow

22  him to carry out his statutory duties; it is not a "person" amenable to suit pursuant to §

23  1983.  *See, e.g., Petaway.* 541 F.Supp.2d at 510; *Pahle*, 227 F. Supp.2d at 367.

24  Accordingly, MCSO will be dismissed from this action as the Defendant.

25       **E.    Sheriff Arpaio**

26       Plaintiff also sues Sheriff Arpaio.  While Arpaio may be sued for constitutional

27  violations, Plaintiff fails to state a claim against him.

28

1    "A plaintiff must allege facts, not simply conclusions, that show that an individual

2    was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152

3    F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a

4    plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See*

5    *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is

6    no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor

7    of someone who allegedly violated a plaintiff's constitutional rights does not make him

8    liable.  *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A

9    supervisor in his individual capacity, "is only liable for constitutional violations of his

10   subordinates if the supervisor participated in or directed the violations, or knew of the

11   violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

12       Plaintiff fails to allege any facts against Arpaio.  He has not alleged facts to

13   support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the

14   denial of Plaintiff's constitutional rights.  He also has not alleged facts to support that

15   Arpaio directly violated his constitutional rights or that Arpaio was aware that Plaintiff's

16   rights were being violated but failed to act.  Accordingly, Arpaio will be dismissed.

17   **F.    Count I**

18       Plaintiff designates his claims as a violation of his rights "as a sovereign freeman"

19   under the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and

20   Fourteenth Amendments.  He alleges only that he has been arrested and held without

21   bond.  Have had my personal property search[ed] and seized and forfeited.  I am being

22   tried as a legal fictitious person, not as the flesh and blood sovereign human being."

23       In his claim, Plaintiff has failed to allege any facts showing that he suffered a

24   specific injury as a result of the conduct of a particular Defendant or Defendants.  Nor

25   has he alleged an affirmative link between any injury he has sustained and the conduct of

26   any Defendant responsible for the alleged injury.  In essence, Plaintiff has not alleged

27   facts to support when, where, how, and by whom his constitutional rights were allegedly

28

1   violated.  Therefore, Plaintiff fails to state a claim and this Complaint will be dismissed

2   with leave to amend.

3           **G.**      **Fourth and Fifth Amendment Claims**

4           Although far from clear, Plaintiff may be attempting to assert violations of the

5   Fourth and/or Fifth Amendments where he alleges that his personal property was

6   "search[ed] and seized and forf[e]ited."

7           The Fourth Amendment protects the "right of people to be secure in their persons,

8   houses, papers, and effects, against unreasonable searches and seizures" absent a warrant

9   supported by probable cause.  U.S. Const. amend. IV.  However, there are exceptions to

10  the warrant requirement.  *See e.g., United States v. Jenkins*, 876 F.2d 1085, 1088 (2d Cir.

11  1989) (consent); *United States v. Soussi*, 29 F.3d 565, 571-72 (10th Cir. 1994) (consent);

12  *Roberts v. Spielman*, 643 F.3d 899 (11th Cir. 2011) (exigent circumstances); *United*

13  *States v. Singleton*, 922 F. Supp. 1522 (D. Kan. 1996) (renter lacks reasonable

14  expectation of privacy in rental unit following eviction).  Here, Plaintiff fails to allege the

15  most basic facts such as when the search and seizure occurred, who conducted the search

16  and seizure, the property taken, and whether the search and seizure was conducted

17  pursuant to a warrant.  If there was a warrant, Plaintiff does not allege that the warrant

18  was invalid or did not authorize the search and seizure of any property in question.

19  Accordingly, to the extent that Plaintiff asserts a violation of his Fourth Amendment

20  rights based on search or seizure, he fails to state a claim and it will be dismissed.

21          Plaintiff may also be attempting to assert a taking in violation of the Fifth

22  Amendment.  The Fifth Amendment's Takings Clause prohibits the taking of private

23  property for public use without just compensation.  U.S. Const. amend. V.  "The takings

24  clause of the Fifth Amendment protects *private property* from being taken for public use

25  without just compensation."  *Gammoh v. City of La Habra*, 395 F.3d 1114, 1122,

26  *amended in part on other grounds*, 402 F.3d 875 (9th Cir. 2005); *Schneider v. California*

27  *Dep't of Corr. & Rehab.*, 151 F.3d 1194, 1198 (9th Cir. 1998).  To prove that a "taking"

28  has occurred in violation of the Fifth Amendment, a plaintiff must demonstrate that (1)

the subject matter is property in which he has an interest and that (2) there has been a taking of that property for public use for which compensation is due. *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1002 (9th Cir. 2007); *Allen v. Wood*, 970 F.Supp. 824, 831 (E.D. Wash. 1997).  Here, Plaintiff has not asserted *any* facts to support a Fifth Amendment takings violation such as the property in question, whether he has an interest in that property, or that compensation is due for a taking of that property.  Accordingly, Plaintiff fails to state a Fifth Amendment takings claim.

### H.   Pre-Trial Detention

Plaintiff alleges in his Complaint that he has been "arrested and held without bond."  To the extent that Plaintiff seeks to challenge his pre-trial detention, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), which provides that "the writ of habeas corpus [extends to persons who are] . . . in custody in violation of the Constitution or laws or treaties of the United States . . . ."  *See McNeeley v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus").  However, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings.  The *Younger* abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).  Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings.  Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy.  *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992).  Speedy trial claims may also be reviewed if a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his state court remedies.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484, 489-90 (1973); *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

To the extent Plaintiff is attempting to challenge his arrest and detention, Plaintiff must file a petition for writ of habeas corpus under 28 U.S.C. § 2241 and allege grounds that fall within the very limited circumstances in which a federal court may intercede in ongoing state criminal proceedings under the *Younger* doctrine. Plaintiff has not done so here. He does not assert a violation of the Fifth Amendment's Double Jeopardy Clause, or facts to support such violation, nor does he allege that his speedy trial rights have been violated for which he seeks to compel the state to bring him to trial. Thus, Plaintiff has not asserted a basis for a federal court to interfere in state criminal proceedings. Because Plaintiff's grounds for relief do not fall within the very limited circumstances in which a federal court may intercede in ongoing state criminal proceedings under the *Younger* doctrine, any such claim is dismissed.

**V.   Motion**

Plaintiff's request for the Court to refer to him as "John: of the Parsons family" or "John: Parsons" is denied. A review of records available on-line reveal that Plaintiff is in custody and awaiting trial in Maricopa County Superior Court, cases ##CR2013-001106,-001, CR2012-100178-002, CR2012-106265-002, and CR2012-158145-001.[2] Plaintiff's name in those cases is "John J[.] Parsons"[3] or "John James Parsons."[4] Moreover, Plaintiff is being held in the Maricopa County jail under the name John James Parsons, and he may not receive mail addressed to any other name. Finally, because Plaintiff has presented no evidence that his legal name is "John: of the Parsons family" or "John: Parsons," his request is denied.

---

[2] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/052013/m5769811.pdf (last visited May 20, 2013).

[3] *Id.*

[4] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032013/m5693115.pdf (last visited May 20, 2013).

1      Plaintiff also asserts in his Motion that Inmate Legal Services ("ILS") has either
2  not provided documents he has requested or not provided documents in a timely manner.
3  Plaintiff has received various responses to his requests from ILS, including the response
4  that "ILS does not supply criminal case law to inmates with attorney[;] request criminal
5  case law from your attorney."  (Doc. 5 at 2.)  Plaintiff asks the Court to "order those
6  involved to supply what all of what is requested that they (I.L.S.) has access to and to lift
7  my book and mail restrictions here so my family and friends may supply what is actually
8  not physically available[.]"  (*Id*.)

9      The right of meaningful access to the courts prohibits state officials from actively
10  interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*,
11  518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring
12  petitions or complaints to federal court and not a right to discover such claims or even to
13  litigate them effectively once filed with a court.  *Id*. at 354; *see also Cornett v. Donovan*,
14  51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas
15  petition or civil rights complaint of a person in state custody will reach a court for
16  consideration.")  The right "guarantees no particular methodology but rather, the
17  conferral of a capability – the capability of bringing contemplated challenges to sentences
18  or conditions of confinement before the courts."  *Lewis*, 518 U.S. at 356.

19      As a matter of standing, for an access to courts claim, a plaintiff must show that he
20  suffered an "actual injury" with respect to contemplated litigation; the plaintiff must
21  demonstrate that the conduct of the defendants prevented him from bringing to court a
22  nonfrivolous claim that he wished to present.  *Lewis*, 518 U.S. at 351-53.  An "actual
23  injury" is "actual prejudice with respect to contemplated or existing litigation, such as the
24  inability to meet a filing deadline or present a claim."  *Id*. at 348.

25      A pre-trial detainee's right of access to the courts for the detainee's criminal
26  prosecution is guaranteed by the state's offer of a criminal defense attorney.  The Ninth
27  Circuit and other courts have uniformly held that the right of access to the courts cannot
28  be violated when an inmate is offered the assistance of court-appointed counsel.  *See*

*United States v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts."); *accord Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (*per curiam*) ("having rejected the assistance of court-appointed counsel, [the defendant] had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial").

In this case, Plaintiff has not shown that he has suffered an "actual injury" with respect to contemplated litigation. Further, the state court record shows that Plaintiff is represented by counsel.[5] Therefore, Plaintiff has not been denied his right of access to the courts and his Motion is denied.

## VI.   Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised

---

[5] See http://www.courtminutes.maricopa.gov/docs/Criminal/032013/m5661296.pdf (last visited May 21, 2013).

in the original complaint is waived if it is not raised in a first amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.  Warnings**

    **A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.  Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

/ / /

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     Plaintiff's Motion (Doc. 5) is **denied**.

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 23rd day of May, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>            Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  )
(Full Name of Plaintiff)            )
     Plaintiff,  )
             )
     vs.    )  **CASE NO.** _____
             )      (To be supplied by the Clerk)
(1)_____,  )
(Full Name of Defendant)            )
(2)_____,  )
             )  **CIVIL RIGHTS COMPLAINT**
(3)_____,  )  **BY A PRISONER**
             )
(4)_____,  )  ☐ Original Complaint
     Defendant(s).  )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
                (Position and Title)                                                   (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
                (Position and Title)                                                   (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
                (Position and Title)                                                   (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
                (Position and Title)                                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation

☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.    **Administrative Remedies:**

    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                                              ☐ Yes          ☐ No

    b.    Did you submit a request for administrative relief on Count I?                          ☐ Yes          ☐ No

    c.    Did you appeal your request for relief on Count I to the highest level?          ☐ Yes          ☐ No

    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

           _____.

3

## COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                          ☐ Yes     ☐ No
b.    Did you submit a request for administrative relief on Count II?           ☐ Yes     ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities              ☐ Mail              ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion      ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                                           ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                    DATE                                         SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.