WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John James Parsons, | No.  CV 13-0718-PHX-RCB (JFM) |
| Plaintiff, | |
| vs. | **O R D E R** |
| State of Arizona, et al., | |
| Defendants. | |

On April 9, 2013, Plaintiff John James Parsons, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a May 28, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 12, 2013, Plaintiff filed his First Amended Complaint (Doc. 10).  Plaintiff has also filed a document entitled "Second Attempt to Offer Commissioner Patricia Stark Affidavit" (Affidavit) (Doc. 9) and a document entitled "Certified Promissory Money Note" (Promissory Note) (Doc. 11).  The Court will dismiss the First Amended Complaint with leave to amend.  To the extent any relief is requested in the Affidavit or Promissory Note,[1] such relief is denied.

---

[1] Plaintiff did not state why he filed a Promissory Note.  The Promissory Note filed by Plaintiff states that he will pay to the Clerk of Court "Three Hundred-Fifty Dollars – of 'Money of Account of the United States' as required by law at 31 U.S.C.

JDDL-K

1    **I.    Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24   _____

25   371/from the time of the official determination of the substance of said money or of UCC
     1-201(24) credit money."  To the extent that Plaintiff's Promissory Note is an attempt to
26   fulfill his statutory obligation to pay the $350.00 filing fee, it is not an acceptable form of
     payment.  Such attempts to submit promissory notes in lieu of advancing the statutory fee
27   have failed in other courts.  *See, e.g., Gasaway v. Bureau of Prisons*, No. 9:11-CV-1223
     (LEK/DEP), 2012 WL 1952594, at *n.9 (N.D.N.Y April 3, 2012); *Banks v. Duckworth*,
28   No. 5:07-CV-214-DCB-MTP, 2008 WL 728926, at *1 (S.D. Miss. Mar. 14, 2008);
     *Martineau v. Arellano*, No. CV 07-0816-PHX-SMM (JRI), 2007 WL 2043461, at *1
     (D.Ariz. July 12, 2007).

1   But as the United States Court of Appeals for the Ninth Circuit has instructed,

2   courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

3   342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

4   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

5   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

6   If the Court determines that a pleading could be cured by the allegation of other

7   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

8   of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The

9   Court should not, however, advise the litigant how to cure the defects. This type of

10   advice "would undermine district judges' role as impartial decisionmakers." *Pliler v.*

11   *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

12   decide whether the court was required to inform a litigant of deficiencies). The Court

13   will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because

14   the First Amended Complaint may possibly be saved by amendment, the Court will

15   dismiss the First Amended Complaint with leave to amend.

16   **II.    First Amended Complaint**

17   Plaintiff alleges two counts for violations of his "God Given, U.S. Constitutional

18   unalienable rights to life, liberty and the pursuit of happiness," and the search and seizure

19   of his property. Plaintiff sues the unnamed director of the Arizona Department of Public

20   Safety (ADPS), and ADPS Sergeant Simon (#4687), and ADPS Officers Schmidt

21   (#7035) and Hopkins (#65). Plaintiff seeks the return of his property, or its equivalent in

22   cash, and $500,000 in damages.

23   In Count I of his First Amended Complaint, Plaintiff alleges the following:  on

24   January 3, 2012, Plaintiff was stopped, detained, interrogated and arrested by Simon,

25   Schmidt and Hopkins. The officers did not have a warrant for Plaintiff's arrest, and he

26   asserts that he was stopped "for no lawful reason," and that he was "not breaching the

27   peace against any other sovereign flesh and blood human." (Doc. 10 at 3.) Plaintiff was

28   charged "with their statutory rules of the corporation/society of which [he is] not an

employee/member of, that being, the State of Arizona corporation." (*Id.*)  According to Plaintiff, Defendants violated his "unalienable rights . . . by enforcing the corporate policies against [him], this is training received and approved by the Director of the [ADPS]." (*Id.*)

In Count II of his First Amended Complaint, Plaintiff alleges that on January 3, 2013,[2] Simon and Schmidt, without a warrant and without Plaintiff's consent, searched and seized Plaintiff's property, namely a 2011 Ford F-250 truck and its contents, as well money and items on Plaintiff's person.  Plaintiff again asserts that he "had not breached the peace in the officers' presence" and "they had no complaint from any other sovereign human being." (*Id.*)

**Additional Background**

According to records available on-line, Plaintiff is being held on criminal charges in Maricopa County Superior Court, cases #CR2012-100178, #CR2012-106265, CR2012-158145 and CR2013-001106.  Trial is scheduled in all four cases on September 23, 2013.[3]   Court records for case #CR2012-100178 reflect that Plaintiff has been charged with dangerous drug and drug paraphernalia violations, a marijuana violation, misconduct involving weapons, and driving under the influence.[4]   The crime date listed for those charges in case #CR2012-100178 is January 3, 2012.[5]

---

[2] Plaintiff alleges in Count I that Simon, Schmidt and Hopkins detained and arrested him on January 3, 2012.  In Count II, he alleges that Simon and Schmidt searched and seized his property on January 3, 2013, one year later.  Thus, it is unclear to the Court whether the events in Counts I and II occurred on the same day and Plaintiff wrote the wrong year in one of his Counts, or if these are two separate incidents that occurred one year apart but involved the very same officers.

[3] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/062013/m5820189.pdf (last visited July 10, 2013).

[4] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo. asp (case information for CR2013-001106) (last visited July 10, 2013).

[5] *Id.*

**III.    Failure to State a Claim**

Plaintiff filed his First Amended Complaint on the court-approved form for prisoner civil rights complaints, but he again asserts that this Court has jurisdiction pursuant to the United States Constitution and the Bill of Rights, as well as the Declaration of Independence.  For the reasons stated in the Court's prior Order dated May 23, 2013, the Court construes the First Amended Complaint as brought pursuant to 42. U.S.C. § 1983, which provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law.  *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).

To state a claim under § 1983, a plaintiff must allege that (1) the conduct about which he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a constitutional right.  *Balisteri v. Pacifica Police Dep't* , 901 F.2d 696, 699 (9th Cir. 1988).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Director of ADPS**

To state a valid claim under § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo*, 423 U.S. at 371-72, 377.  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

1    Although Plaintiff has sued the ADPS Director, Plaintiff has failed to make any
2    specific allegations against the Director.   Plaintiff has not alleged that the Director
3    personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a
4    deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.   The
5    only mention of the Director in Plaintiff's First Amended Complaint is in Count I, where
6    Plaintiff alleges that Officers Simon, Schmidt and Hopkins violated his "unalienable
7    rights . . . by enforcing the corporate policies against [him], this is training received and
8    approved by the Director of [ADPS]."   This allusion to "training" and "policies" fails to
9    identify any specific policy that resulted in injury to Plaintiff.   Such a vague and
10   conclusory allegation is insufficient to state a claim.   Accordingly, the Court will dismiss
11   without prejudice Defendant Director of ADPS.

12        **B.    False Arrest and Detention**

13   Although Plaintiff identifies the issue involved in Count I as "harassment of
14   freeman," Plaintiff appears to be making a claim that he was falsely arrested and
15   detained.   To state a § 1983 claim for false arrest and detention, a plaintiff must allege
16   that there was no probable cause for his arrest.   *See Cabrera v. City of Huntington Park*,
17   159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706,
18   710 (9th Cir.1992)).   Probable cause "exists 'when under the totality of the circumstances
19   known to the arresting officers, a prudent person would have concluded that there was a
20   fair probability that [the person arrested] had committed a crime.'"   *Barlow v. Ground*,
21   943 F.2d 1132, 1135 (9th Cir. 1991) (citing *United States v. Smith*, 790 F.2d 789, 792
22   (9th Cir. 1986)).

23   Plaintiff has failed to state a claim for false arrest and detention.   First, Plaintiff
24   has not alleged the crime for which he was falsely arrested or detained or the
25   circumstances surrounding that arrest.   Further, Plaintiff has not stated whether he is
26   presently in custody in relation to those charges, is awaiting trial on those charges, or has
27   been convicted of them.   Nor has he alleged that Defendants lacked  probable cause to
28   arrest him.   For all of these reasons, Plaintiff fails to state a claim for false arrest or

detention.  Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266 (9th Cir. 1982); *Rhodes v. Robinson*, 612 F.2d 766, 772 (3d Cir. 1979).   Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Ivey*, 673 F.2d at 268.

Therefore, Count I fails to state a claim and it will be dismissed.

### C.    Search and Seizure

In Count II, Plaintiff asserts a Fourth Amendment claim for the search and seizure of his property.   Specifically, Plaintiff contends that Simon and Schmidt, without a warrant and without Plaintiff's consent, searched and seized a 2011 Ford F-250 truck and its contents, as well money and items on Plaintiff's person.

These allegations, absent additional facts, are insufficient to state a claim for unlawful search and seizure.   Plaintiff fails to allege any of the circumstances surrounding the alleged search and seizure of his vehicle and property.   As the Court noted, it cannot determine at this time if the alleged search and seizure occurred on the same day as Plaintiff's arrest or exactly one year later.   Because the very same DPS officers were named in Counts I and II, and Plaintiff said the events in Counts I and II occurred on January 3, it appears that the allegations in Counts I and II occurred on the same date and that Plaintiff merely wrote the wrong year in one of his Counts.  However, the Court cannot make that assumption.   Plaintiff must allege when, where, how, and the ostensible reason for the search of his vehicle and property.   Because Plaintiff has failed to allege sufficient facts, Count II will be dismissed with leave to amend.

### D.    Abstention

The failure to state a claim includes a claim to which the abstention doctrine applies.   *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1224 (9th Cir. 2006); *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1030 (9th Cir. 2005).   The abstention doctrine set forth in *Younger v. Harris*, 401

U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  The *Younger* abstention doctrine also bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution.  *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).  Further, the *Younger* abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).

As noted, Plaintiff is currently in custody pending trial.  To the extent Plaintiff is challenging his pre-trial arrest, detention, and search and seizure of property related to his ongoing criminal proceedings, the *Younger* doctrine applies.  Plaintiff has not asserted any basis for a federal court to interfere in his state criminal proceedings.  Accordingly, any such claims are dismissed pursuant to the abstention doctrine.

**IV.   Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After

amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## V.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    To the extent any relief is requested in Plaintiff's "Second Attempt to Offer Commissioner Patricia Stark Affidavit" (Doc. 9) and "Certified Promissory Money Note" (Doc. 11), such relief is **denied**.

(4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 16th day of July, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:        **OR**        Tucson Division:
U.S. District Court Clerk                                 U.S. District Court Clerk
U.S. Courthouse, Suite 130                          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                      Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)              )
        Plaintiff,     )
                       )
        vs.       )  **CASE NO.** _____
                       )        (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)              )
(2) _____ ,  )
                       )  **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )  **BY A PRISONER**
                       )
(4) _____ ,  )  ☐ Original Complaint
        Defendant(s).     )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
   _____at_____.
                    (Position and Title)                                                              (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
   _____at_____.
                    (Position and Title)                                                              (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
   _____at_____.
                    (Position and Title)                                                              (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
   _____at_____.
                    (Position and Title)                                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property      ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.


2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities              ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.


3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.


5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?         ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not.  _____
        _____.


**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.