WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John James Parsons, | No. CV 13-0718-PHX-RCB (JFM) |
| Plaintiff, | |
| vs. | **O R D E R** |
| State of Arizona, et al., | |
| Defendants. | |

On April 9, 2013, Plaintiff John James Parsons, who is confined in the Fourth Avenue Jail, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a May 28, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 12, 2013, Plaintiff filed his First Amended Complaint. In a July 17, 2013 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On August 14, 2013, Plaintiff filed a Second Amended Complaint (Doc. 15). Plaintiff has also filed a document responding to the Court's May 28 Order and asking

that the Court stop deductions from his inmate trust account. (Doc. 12.) The Court will deny the request and dismiss the Second Amended Complaint and this action.

**I.  Statutory Screening of Prisoner Complaints**

As set forth in the Court's May 28 and July 17 Orders, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Second Amended Complaint**

Plaintiff captions his Second Amended Complaint as "America Republic De Jure Common Law Jurisdiction Jury Trial Demanded Sover[eig]n Rights Complaint by a Prisoner." (Doc. 15 at 1.)  Plaintiff sues Arizona Department of Public Safety Officers Schmidt #7035, Simon #4687 and Hopkins #6536.  Plaintiff asserts claims for loss of liberty and deprivation of property in Counts I and II and alleges in Count III that Defendants were "impersonating peace officers."

Plaintiff, who refers to himself variously as "John James: Parsons UCC-1" and "John James: Parsons-All Rights Reserved," purports to grant the Court jurisdiction pursuant to the Bible; the Magna Carta, 1215; the Petition of Rights, 1628; the English Bill of Rights, 1689; the Right of Habeas Corpus; the Articles of Confederation; the Declaration of Independence; and a "Notice of Understanding and Intent Claim of Right and Independence by John James: Parsons." (*Id*. at 01.)  Plaintiff contends that "no statutes apply in this common-law jurisdiction claim," and apparently instructs the Court to "not 'construe' anything with any de facto court rulings, or government created legal statutes." (*Id*. at 03.)

As the factual basis for his Complaint, Plaintiff alleges in Count I that his "freedom as a sovereign free man-on-the-land to travel freely without har[]assment" was violated on January 3, 2012 when Defendants pulled him over and accused him of driving under the influence, which Plaintiff argues "is no crime under common law but a violation of statute law, not applicable to me a sovereign human being but are only to be enforced by the legal fiction State of Arizona Corporation, to other ens legis/legal fictions, who consent, after knowingly and willingly with full disclosure, of which I am not." (*Id.* at 01-02.)  In Count II, Plaintiff states he was arrested for driving under the influence, driving on a suspended license, "drug and gun charges and some others." (*Id.*

at 4.) Plaintiff alleges that the officers "took the opportunity to seize, search and steal" his property, namely a 2011 Ford truck, money, computer and computer accessories, phones, other electronics, jewelry, tools "and much more." (*Id.*) Plaintiff states that he tried to have his property returned, but Defendants used "the color of law and used their number with their might being armed to try to use statute legal rules as an excuse to take my property." (*Id.* at 04.) In Count III, Plaintiff alleges that Defendants were impersonating peace officers when they pulled Plaintiff over. Plaintiff asserts that Defendants then proceeded to interrogate him, handcuff and arrest him, make false accusations against him and accuse him "of statute legal rules which do not apply to [Plaintiff] as a freeman-on-the-land." (*Id.* at 5.)

Plaintiff seeks to have his property, or its equivalent, returned; $600,000 for loss and suffering; and for "criminal charges to be brought for slander, perjury, armed robbery, kidnapping, and impersonating a law enforcement officer."

**Additional Background**

The electronic docket for Maricopa County Superior Court shows that Plaintiff is currently in custody and awaiting trial, scheduled for September 23, 2013, in cases #CR2012-100178, #CR2012-106265, CR2012-158145 and CR2013-001106.[1] Court records for case #CR2012-100178 reflect that Plaintiff has been charged with dangerous drug and drug paraphernalia violations, a marijuana violation, misconduct involving weapons, and driving under the influence.[2] The offense date listed for those charges in case #CR2012-100178 is January 3, 2012,[3] the same date Plaintiff alleges he was stopped and arrested by Defendants.

. . . .

. . . .

---

[1] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/082013/m5895785.pdf (last visited Sept. 5, 2013).

[2] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp (case information for CR2013-001106) (last visited Sept. 5, 2013).

[3] *Id.*

- 4 -

**III.    Failure to State a Claim**

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). As set forth in the Court's prior Orders, to state a claim under § 1983, a plaintiff must allege that (1) the conduct about which he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a constitutional right. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Count I**

Plaintiff designates Count I as "freedom as a sovereign free-man-on-the-land to travel freely without har[]assment." As noted in prior Orders, Plaintiff appears to assert a claim for false arrest and detention. To state a § 1983 claim for false arrest and detention, a plaintiff must allege that there was no probable cause for his arrest. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir.1992)). Probable cause "exists 'when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime.'" *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (citing *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

Plaintiff states that after he was pulled over by Defendants, he was "accused of driving under the influence," which he argues "is no crime under common law but a violation of statute law," which is not applicable to him. Plaintiff does not assert that he was not driving under the influence or that Defendants lacked probable cause to arrest

and detain him. Accordingly, Plaintiff fails to state a claim and Count I will be dismissed.[4]

### B.     Count II

Plaintiff designates Count II as a deprivation of property. He asserts that following his arrest, Defendants took his property and did not return it. To the extent Plaintiff is alleging a deprivation of property without due process, Plaintiff has a remedy under state law. In *Parratt v. Taylor,* 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful post-deprivation remedy. The rationale underlying *Parratt* is that pre-deprivation procedures are impractical when the deprivation of property occurs through random and unauthorized conduct of a state employee because the state cannot know when such deprivations will occur. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This logic has been extended to intentional deprivations of property. *Id.* The availability of a common-law tort suit against the state employee constitutes an adequate post-deprivation remedy for intentional unauthorized deprivations of property. *Hudson*, 468 U.S. at 534-35.

In this case, Plaintiff appears to allege an unauthorized and intentional deprivation of property. The availability of a common-law tort suit against the state employee(s) who unlawfully deprived him of his personal property constitutes an adequate post-deprivation remedy for the alleged intentional unauthorized deprivation of property. *Hudson*, 468 U.S. at 534-35. Plaintiff thus fails to state a claim for violation of due process.

### C.     Count III

In Count III Plaintiff alleges that his right "not to be defrauded or misle[d]" was violated by Defendants whom he says "were impersonating peace officers, but in reality were being corporate policy." Presumably as relief for this allegation, Plaintiff requests

---

[4] In its May 28 Order, the Court noted that to the extent Plaintiff is challenging his pre-trial detention, he may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

1  "criminal charges to be brought for slander, perjury, armed robbery, kidnapping and
2  impersonating a law enforcement officer."

3  It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. *See Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997); *see also, Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("private parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (a prosecutor's decision not to indict "has long been regarded as the special province of the Executive Branch"); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) ("'a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *United States v. General Dynamics Corp.*, 828 F. 2d 1356, 1366 (9th Cir. 1987). The United States Attorneys have the responsibility to prosecute all offenses against the United States within their Districts, except as otherwise provided by law. *See* 28 U.S.C. § 547. Therefore, "[f]ederal courts have no jurisdiction of cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney." *United States v. Bryson*, 434 F. Supp. 986, 988 (W.D. Okla. 1977); *see also, United States v. Panza*, 381 F. Supp 1133, 1134 (W.D. Pa. 1974) (holding private citizens have no right to institute a criminal prosecution in federal court). Accordingly, Plaintiff's request seeking the criminal prosecution of persons for violation of federal criminal statutes must be dismissed for lack of standing.

**IV.    Request to Refund Fees**

On July 16, 2013, Plaintiff filed a document in which he asks the Court to accept a "promissory note"[5] and a "UCC-1 Financing Statement" for payment of the filing fees in this matter. Plaintiff wants the Court to have the jail stop deductions from his inmate account and refund the money already deducted.

On April 9, 2013, Plaintiff filed his original Complaint along with an Application

---

[5] The Court previously addressed the promissory note in its July 17 Order.

to Proceed *In Forma Pauperis* in which he consented to the collection of fees from his inmate trust account. The Application, signed by Plaintiff and granted by the Court in its May 28 Order, specifically states: "I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b)." Title 28 U.S.C. § 1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-monthly period immediately preceding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to accept a promissory note for the payment of Plaintiff's filing fee, or to return the filing fee payments already deducted. It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma pauperis*. *See, e.g., Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims.") (citing H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)). *See also Roller v. Gunn*, 107 F.3d 227, 230-34 (4th Cir. 1997) ("Requiring prisoners to make economic decision about filing lawsuits . . . merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.")

The decision to file and prosecute this case was made by Plaintiff before he filed this case. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, Plaintiff's request to accept his promissory note, stop the deductions from his trust account, and return the filing fee in this matter will be denied.

## V. Dismissal Without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's request for an order to stop deductions from his inmate trust account and refund the money already deducted is **denied**. (Doc. 12.)

(2) Plaintiff's Second Amended Complaint (Doc. 15) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

1    (4)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
§ 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 9th day of September, 2013.

_____
Robert C. Broomfield
Senior United States District Judge